G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com
Attorneys for Plaintiff,
SCOTT NEWMAN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT NEWMAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED COLLECTION BUREAU, INC.; and DOES 1 to 10, inclusive,<br><br>    Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

## INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff SCOTT NEWMAN, an individual consumer, against defendant UNITED COLLECTION BUREAU, INC. (hereinafter referred to as "UCB" or "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692 *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## VENUE AND JURISDICTION

2.     Jurisdiction of this court arises under 28 U.S.C. § 1331 and § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3.     Plaintiff SCOTT NEWMAN is a consumer, a natural person allegedly obligated to pay any debt, residing in Bakersfield, Kern County, California 93313.

4.     Defendant UCB is a corporation engaged in the business of collecting debt in this state, and maintains its corporate office at 5620 Southwyck Boulevard, Toledo, Ohio 43614.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a ''debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Cal. Civ. Code § 1788.2.

\ \ \

\ \ \

## **FACTS**

6.    Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7.    Defendant constantly and continuously calls Plaintiff on her cellular telephone, telephone number 661-390-3397, from telephone number 954-236-6083 to annoy him and with such frequency as to be unreasonable and to constitute harassment.

8.    Defendant calls Plaintiff and hangs up before Plaintiff can answer.

9.    Defendant calls and fails to leave any affirmative messages on Plaintiff's voicemail.

10.    Defendant has called Plaintiff at his work telephone number despite Plaintiff informing Defendant that he is not permitted to receive personal telephone calls at his work telephone number, and for Defendant to cease calling Plaintiff at his work telephone number.

11.    Defendant failed to identify itself as a debt collector in subsequent communications, and therefore Defendant failed to meaningfully disclose its identity to Plaintiff.

\ \ \

\ \ \

12. Defendant's constant and continuous calls have caused Plaintiff to suffer emotional distress, stress, humiliation, and anxiety, among other negative emotions.

13. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

## **COUNT I – FDCPA**

14. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   i) 15 U.S.C. §1692c(a)(3);

   ii) 15 U.S.C. §1692d(5);

   iii) 15 U.S.C. §1692d(6);

   iv) 15 U.S.C. §1692e(10);

   v) 15 U.S.C. §1692e(11).

16. Section 1692c(a)(3) states in pertinent part that:

**(a) COMMUNICATION WITH THE CONSUMER GENERALLY: Without prior consent given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
**…**

**(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.**

17.     Sections 1692d(5) and d(6) state in pertinent part that:

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**…**
**(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.**
**(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

18.     Sections 1692e(10) and e(11) state in pertinent part that:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**…**
**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**
**(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

\ \ \

\ \ \

## COUNT II – RFDCPA

19. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

20. Defendant thereby violated the following provisions of the RFDCPA:

   i) Cal. Civ. Code § 1788.11(b);

   ii) Cal. Civ. Code § 1788.11(d);

   iii) Cal. Civ. Code § 1788.11(e); and

   iv) Cal. Civ. Code § 1788.17.

21. Sections 1788.11(b), (d) and (e) state in pertinent part that:

**No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:**
**…**
**(b) Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents.**
**…**
**(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or**
**(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.**

22. Section 1788.17 states in pertinent part as follows:

**Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person**

**specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.**

## PRAYER FOR RELIEF

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

DATED:  September 4, 2013          **PRICE LAW GROUP APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SCOTT NEWMAN demands trial by jury in this action.